UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LIVE NATION WORLDWIDE, INC.,

        CIVIL CASE NO.  1:10-CV-24144-CMA

    Plaintiff,

v.

MICHAEL COHL and S2BN
ENTERTAINMENT CORPORATION (F/K/A
EVENTS ACQUISITION CORP.),

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiff, Live Nation Worldwide, Inc. ("Live Nation" or "Plaintiff"), by its attorneys, complaining of the Defendants, Michael Cohl ("Cohl") and S2BN Entertainment Corporation (f/k/a Events Acquisition Corporation) ("S2BN") (collectively, "Defendants"), alleges:

### Parties

1.      The Plaintiff is a Delaware corporation with its principal place of business in Beverly Hills, California.

2.      Upon information and belief, Defendant Cohl is an individual who is a citizen of, and resides in, the country of Barbados.

3.      Upon information and belief, Defendant S2BN is a Delaware corporation with its principal place of business in Miami Beach, Florida, and is owned and controlled by Defendant Cohl.

## General Allegations

4. This is an action to recover $5,350,000 in overdue payment obligations ("Defaulted Payments" as described more fully in paragraph 12 below) pertaining to Defendants' purchase of certain assets and relief of certain non-compete obligations.

5. On or about October 23, 2008, but effective as of September 22, 2008, Live Nation and Defendants entered into a letter agreement (the "2008 Purchase Agreement"). A true and correct copy of the 2008 Purchase Agreement is attached hereto as Exhibit A.

6. In the 2008 Purchase Agreement, Defendant S2BN (i) purchased certain assets from Live Nation for a base purchase price of $9,850,000 (the "Base Purchase Price"), payable in installments specified in the 2008 Purchase Agreement, and certain other contingent payments set forth in the 2008 Purchase Agreement, and (ii) agreed to pay a fee of $5,500,000 (the "Non-Compete Relief Fee"), payable in installments specified in the 2008 Purchase Agreement, in return for the Live Nation granting to Defendant Cohl partial relief from previously entered into non-compete covenants undertaken pursuant to an earlier Stock Purchase Agreement dated September 12, 2007, and predicated upon the protection of trade secrets and in connection with the sale of a business, and other valuable consideration.

7. Defendant Cohl expressly agreed, as part of the 2008 Purchase Agreement, to act as a personal guaranty for Defendant S2BN, and to guarantee the "full complete and timely performance of the obligations, liabilities and responsibilities" of Defendant S2BN under the 2008 Purchase Agreement. *See* 2008 Purchase Agreement, Exhibit A, Section 2.3.

8. Defendants ratified the 2008 Purchase Agreement by paying the first installment under Section 1.2(a)(i) of the 2008 Purchase Agreement timely without condition or qualification.

9. In October 2009, after Defendants failed to make timely payment of the second installment under Section 1.2(a)(ii) of the 2008 Purchase Agreement and the first installment of the Non-Compete Relief Fee under Section 1.3(a)(ii)(A) of the 2008 Purchase Agreement, Live Nation filed a breach of contract claim in the United States District Court for the Southern District of Florida (Civil Case Number 09-23252-Civ-Gold/McAliley) (the "2009 Action for Breach of Contract").

10. Although delinquent, Defendants paid the amounts due under Section 1.2(a)(ii) and Section 1.3(a)(ii)(A) of the 2008 Purchase Agreement (without condition or qualification), and Live Nation voluntarily dismissed the 2009 Action for Breach of Contract.

11. On or about October 7, 2010, Live Nation sent a written demand for payment of the third and final installment due under Section 1.2(a)(iii) of the 2008 Purchase Agreement and the second and final installment due under Section 1.3(a)(ii)(B) of the 2008 Purchase Agreement. *See* Letter to M. Cohl dated October 7, 2010, attached as Exhibit B.

12. Despite the express language of the 2008 Purchase Agreement, and despite prior ratification of and payments under the 2008 Purchase Agreement, Defendants have failed to pay and, thus, are in breach of the following payment obligations (the "Defaulted Payments"):

> (a) the $2,600,000 installment of the Base Purchase Price that was payable on or before September 22, 2010, pursuant to Section 1.2(a)(iii) of the 2008 Purchase Agreement; and
>
> (b) the $2,750,000 installment of the Non-Compete Relief Fee that was payable on or before September 22, 2010, pursuant to Section 1.3(a)(ii)(B) of the 2008 Purchase Agreement.

13. The Defaulted Payments are unconditional obligations of Defendants under the terms of the 2008 Purchase Agreement and are not subject to any right of offset, counterclaim or other right to delay, withhold or otherwise refuse payment.

## Jurisdiction and Venue

14. The Court has jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states and/or subjects of a foreign state and this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. Additionally, pursuant to Section 2.4 of the 2008 Purchase Agreement, all parties to this action have agreed to the jurisdiction of, *inter alia,* the federal court for the Southern District of Florida.

16. Venue is proper in this District under 28 U.S.C. 1391(a) in that this is the judicial district in which at least one of the Defendants herein resides and where this Court has personal jurisdiction over all Defendants.

## Breach of Contract Claim
## Defaulted Payments Due to Live Nation Under the 2008 Purchase Agreement

Live Nation reincorporates paragraphs 1 through 16 by reference as if fully set forth herein.

17. Live Nation entered into the 2008 Purchase Agreement with Defendant S2BN, and Defendant Cohl personally guaranteed the full and complete performance of S2BN's obligations under the 2008 Purchase Agreement.

18. Defendants received significant and valuable consideration from Live Nation in the 2008 Purchase Agreement.

19. Live Nation fully performed all of its obligations under the 2008 Purchase Agreement and all preconditions for performance of the 2008 Purchase Agreement were satisfied by Live Nation.

20. Defendants were obligated to fulfill their obligations under the 2008 Purchase Agreement including, but not limited to, timely payment of the Defaulted Payments.

21. Defendants failed to fulfill their respective and mutual obligations under the 2008 Purchase Agreement.  More specifically, Defendants materially breached Section 1.2(a)(iii) and Section 1.3(a)(ii)(B) of the 2008 Purchase Agreement by failing to make the Defaulted Payments.

22. As a result of Defendants' material breach of the 2008 Purchase Agreement, Live Nation has suffered substantial damages.  These damages are in excess of $5,350,000.

WHEREFORE, Plaintiff Live Nation prays for judgment against Defendants Cohl and S2BN as follows:

    A.    A monetary judgment for the amount of the Defaulted Payments;

    B.    An award of pre-judgment and post-judgment interest thereon;

    C.    An award of attorneys' fees and costs pertaining to this action;

    D.    Any other and further relief provided by contract or law; and

    E.    Any other and further relief as this Court may deem proper.

## Non-Jury Trial

23. Pursuant to Section 2.4 of the 2008 Purchase Agreement, this action is non-jury.

Dated: December 20, 2010.

        Respectfully submitted,

        Morgan, Lewis & Bockius LLP
        Counsel for Plaintiff Live Nation
        5300 Wachovia Financial Center
        200 South Biscayne Boulevard
        Miami, Florida  33131-2339
        Telephone:	305.415.3303
        Facsimile:	305.415-3001
        E-mail:	mzelek@morganlewis.com

        /s/ Mark E. Zelek
        Mark E. Zelek
          Florida Bar No. 66773
        Christopher J.M. Collings
          Florida Bar No. 184403