UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-24144CMA

LIVE NATION WORLDWIDE, INC.,

    Plaintiff,

v.

MICHAEL COHL and S2BN
ENTERTAINMENT CORPORATION
(f/n/a EVENTS ACQUISITION CORP.),

    Defendants.
_____/

MICHAEL COHL and S2BN
ENTERTAINMENT CORPORATION
(f/n/a EVENTS ACQUISITION CORP.)

    Counterclaimants,

v.

LIVE NATION WORLDWIDE, INC.

    Counterdefendant.
_____/

### LIVE NATION'S MOTION TO STRIKE AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Live Nation Worldwide, Inc. ("Live Nation") moves to strike the improper affirmative defenses contained in Defendants' Answer, Affirmative Defenses and Counterclaim (D.E. 8) as follows:

### INTRODUCTION

Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8 and may be stricken if they are insufficient as a matter of law. *See, e.g., CI Int'l Fuels, LTDA v. Helm Bank, S.A.,* No. 10-20347-CIV, 2010 WL 3056598, at *3

(S.D. Fla. Aug. 4, 2010) (Altonaga, J.) ("Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(b) . . . which require defenses to be stated 'in short and plain terms.'"); *Tara Prods., Inc. v. Hollywood Gadgets, Inc.,* No. 09-61436-CIV, 2009 WL 4800542, at *1 (S.D. Fla. Dec. 11, 2009) (striking all eleven affirmative defenses because they failed "to provide the nature of the defense *and* the grounds upon which it rests," thus, depriving the other party of "sufficient information upon which to prepare a response") (emphasis in original).

Here, Defendants assert six affirmative defenses in a vague and conclusory fashion without providing any notice to Live Nation or the Court as to the factual basis for each defense. This is improper and violates the pleading requirements of Rule 8. *See Perez-Nunez v. N. Broward Hosp. Dist.*, No. 08-61583-CIV, 2009 WL 723873, at *1 (S.D. Fla. Mar. 13, 2009) (striking conclusory affirmative defenses). Indeed, conclusory defenses, like those pled by Defendants, are prejudicial because they make it very difficult for Live Nation to take discovery or adequately prepare a response, confuse the issues in the case, and make it more difficult to achieve a just resolution. *Id.*; *Byrne v. Nezhat*, 261 F. 3d 1075, 1079 (11th Cir. 2001) (stating that in a case framed by improper pleadings, "the transaction costs are disproportionately high"); *see also S.E.C. v. Lorin*, 869 F.Supp. 1117, 1120, 1130 (S.D.N.Y 1994) (granting motion to strike affirmative defense and finding prejudice because of "additional time" and "expense" that would be "incur[red] in arguing the issue at trial").

As described in detail below, Defendants' affirmative defenses fail to allege **any** facts to meet the requirements of Rule 8 and should therefore be stricken because they are insufficient as a matter of law. Striking these defenses will help clarify the actual issues in dispute and prevent prejudice and the waste of public and private resources.

**MEMORANDUM OF LAW**

**I.     The Court Should Exercise Authority To Strike Insufficient Defenses.**

The Eleventh Circuit has emphasized that "district courts have the power and duty to define the issues at the earliest stages of the litigation." *Johnson Enters. of Jacksonville v. FPL Group*, *Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). Here, the Court can clarify the issues in this dispute by striking affirmative defenses that are patently insufficient and do no more than confuse the issues.

An affirmative defense admits the allegations in the complaint, but avoids liability "by new allegations of excuse, justification, or other negating matters." *Chetu, Inc. v. Salihu*, No. 09-60588-CIV, 2009 WL 3448205, at *1 (S.D. Fla. Oct. 26, 2009) (citing *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 120 (M.D. Fla. 1989)). An affirmative defense that is an "insufficient defense" or "redundant, immaterial, impertinent, or scandalous" is properly subject to a motion to strike under Rule 12(f), and such a motion should be granted where, as here, the defense is "insufficient" as a matter of law. *Id; see also* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").

Wright & Miller discuss the power of courts to strike defenses and identify as "particularly vulnerable" any defense "that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1381, at 414 (3d ed. 2004) (encouraging the striking of improper defenses). Striking insufficient affirmative defenses is particularly appropriate here where all of the affirmative defenses are improper. Moreover, because discovery is being conducted regarding Defendants' affirmative defenses, it is preferable to strike them now and avoid the prejudicial expense of discovery for both sides.

## II. Defendants' Affirmative Defenses Should Be Stricken

### A. First Affirmative Defense

**Live Nation fails to state a claim upon which relief can be granted.**

Defendants' bare recitation of the Rule 12(b)(6) standard is not an affirmative defense and does not indicate how the theory is connected to the case at hand, thus failing to satisfy the pleading requirements of Rule 8.  *See, e.g., Castillo v. Roche Lab. Inc.,* No. 10-20876-CIV, 2010 WL 3027726, at *4 (S.D. Fla. Aug. 2, 2010) ("This defense is insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint"); *Lopez v. Leg.A.Sea Dist. Servs., LLC,* No. 10-CV-21847, 2010 WL 3767171, at *2 (S.D. Fla. Sept. 24, 2010) ("Defendants' first affirmative defense must be stricken as conclusory, in that it broadly states that Plaintiffs have failed to state a claim upon which relief can be granted");  *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* No. 09-61490-Civ, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010) (striking "fails to state a cause of action upon which relief may be granted" affirmative defense).  In fact, Judge Hurley of this United States District Court explained why such conclusory statements must be stricken:

> [T]he court finds that [Defendant's] fourth affirmative defense – that plaintiffs have failed to state a claim upon which relief can be granted – is legally insufficient.  Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense.  Accordingly, the court will strike [Defendant's] fourth affirmative defense as insufficient.

*Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007); *see also Minalga v. Fidelity Investments*, 2002 WL 31527251 (N.D. Ill. Nov. 14, 2002) ("While the

Federal Rules of Civil Procedure allow liberal pleadings, they do not allow a claimant to merely recite the standard for a motion to dismiss under Rule 12(b)(6)."). Accordingly, this affirmative defense should be stricken.

### B. Second Affirmative Defense

**Cohl Parties are relieved of any further obligations under the Letter Agreement due to Live Nation's prior material breaches of the Letter Agreement, as set forth in the Counterclaim.**

Defendants' second affirmative defense does not provide any meaningful notice of the alleged "prior material breaches," and simply cross-referencing Defendants' Counterclaim is not sufficient because Defendants have failed to provide factual support for the asserted defense as required by Rule 8. *See, e.g., Sachi v. Labor Ready Southeast, Inc.,* No. 09-82388-CIV, 2010 WL 3259916, at *1 (S.D. Fla. Aug. 18, 2010) (striking affirmative defense because it is improper to incorporate affirmative defenses from another pleading and it fails to meet the Rule 8 requirement of making allegations simple, concise, and direct); *Lopez*, 2010 WL 3767171, at *2 (striking defenses that failed to provide any factual support as legally insufficient). Moreover, as will be discussed in its Motion to Dismiss, Defendants have failed to state a claim for breach of contract as a matter of law. Accordingly, when a purported defense is not an affirmative defense, it is properly stricken pursuant to Rule 12(f). *See Boldstar Technical, LLC*, 517 F. Supp. 2d at 1291.

### C. Third Affirmative Defense

**Cohl Parties are relieved of any further obligations under the Letter Agreement due to Live Nation's breach of the implied covenant of good faith and fair dealing, as set forth in the Counterclaim.**

Defendants' third affirmative defense is simply stating that they believe they have a claim for breach of the implied covenant of good faith and fair dealing, which is not a defense,

and Defendants again fail to provide even basic facts to support this purported claim. *See, e.g., See, e.g., Sachi,* 2010 WL 3259916, at *1 (striking affirmative defense because it is improper to incorporate affirmative defenses from another pleading and it fails to meet the Rule 8 requirement of making allegations simple, concise, and direct); *Lopez,* 2010 WL 3767171, at *2 (striking defenses that failed to provide any factual support as legally insufficient). Moreover, as will be discussed in its Motion to Dismiss, Defendants have failed to state a claim for breach of the implied covenant of good faith and fair dealing as a matter of law. Accordingly, when a purported defense is not an affirmative defense, it is properly stricken pursuant to Rule 12(f). *See Boldstar Technical, LLC*, 517 F. Supp. 2d at 1291.

      D.    **Fourth Affirmative Defense**

> **Live Nation's claims are barred by the doctrine of unclean hands, as set forth in the Counterclaim.**

Defendants' unclean hands defense is pled in a conclusory fashion without providing fair notice of the grounds and basis for the allegation that Live Nation has unclean hands. Accordingly, this defense is legally insufficient because Live Nation is prejudiced by having to speculate as to the grounds and basis for this alleged defense. *See, e.g., Chetu,* 2009 WL 3448205, at *2-3 ("Defendants must state in short and plain terms why '[Plaintiff] comes to this court with unclean hands.' Defendants are obligated to provide fair notice of the nature of the defense *and* the grounds upon which it rests."); *Tara Prods.,* 2009 WL 4800542, at *1 (striking affirmative defense of "unclean hands" that did not provide Plaintiff with fair notice of its nature and grounds).

## E. Fifth Affirmative Defense

**Any claims for breach of contract are barred or diminished by Live Nation's prior material breach, as set forth in the Counterclaim.**

This defense is duplicative of the second affirmative defense and should be stricken on the same grounds.

## F. Sixth Affirmative Defense

**Cohl Parties are entitled to set off against any sums allegedly due to Live Nation.**

Defendants' set off defense is pled in a conclusory fashion without providing fair notice of the grounds and basis for the allegation that the Cohl Parties are entitled to any set off. Accordingly, this defense is legally insufficient because Live Nation is prejudiced by having to speculate as to the grounds and basis for this alleged defense. *See, e.g., Lopez*, 2010 WL 3767171, at *2 (striking setoff defense because "Defendants have provided no factual basis for determining whether setoff would apply in this instance"); *Perez-Nunez*, 2009 WL 723873, at *2 (striking set off defense because "Defendant has not pled any factual basis" for the defense).

## CONCLUSION

For these reasons, Live Nation respectfully requests that the Court strike each of the Affirmative Defenses asserted by Defendants.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Live Nation, Chris Collings, conferred in good faith with counsel for Defendants, Dan Blonsky, and he opposes the relief sought by this motion.

DB1/66439846.2

Respectfully submitted,

Morgan, Lewis & Bockius LLP
Counsel for Plaintiff Live Nation
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131-2339
Telephone: 305.415.3303
Facsimile: 305.415-3001
E-mail: mzelek@morganlewis.com

*/s/ Mark E. Zelek*
Mark E. Zelek
  Florida Bar No. 66773
Christopher J.M. Collings
  Florida Bar No. 184403

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing for CASE NO. 10-CIV-24144-CMA.  Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF.  Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

*/s/ Mark E. Zelek*
Mark E. Zelek