UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CIV-24144-CMA

LIVE NATION WORLDWIDE, INC.,

    Plaintiff,

v.

MICHAEL COHL and S2BN
ENTERTAINMENT CORPORATION
(f/n/a EVENTS ACQUISITION CORP.),

    Defendants.
_____/

MICHAEL COHL and S2BN
ENTERTAINMENT CORPORATION
(f/n/a EVENTS ACQUISITION CORP.),

    Counterclaimants,

v.

LIVE NATION WORLDWIDE, INC.,

    Counterdefendant.
_____/

**COHL PARTIES' REPLY IN SUPPORT OF MOTION CHALLENGING
"WORK PRODUCT" DESIGNATION BY LIVE NATION**

    Defendants/Counterclaimants Michael Cohl and S2BN Entertainment Corporation (f/n/a Events Acquisition Corp) (collectively, "Cohl Parties"), by and through undersigned counsel, hereby file this reply in support of their Motion Challenging "Work Product" Designation by Live Nation ("Motion") (D.E. #68).

    As set forth in the Motion, this discovery dispute concerns a draft declaration ("Draft Declaration") that Plaintiff/Counterdefendant Live Nation Worldwide, Inc. ("Live Nation")

prepared and voluntarily sent to an unaffiliated third party, Joyce Smyth (which she then declined to sign). After producing the Draft Declaration to Cohl Parties, Live Nation now claims that it is privileged work product, and therefore should be disregarded and destroyed by Cohl Parties.[1] The Motion explains that the work product privilege was waived by Live Nation when it e-mailed the Draft Declaration to Smyth.

Live Nation's Opposition to the Motion ("Opposition") (D.E. #76) fails to support a conclusion that the work product privilege was not waived when it voluntarily e-mailed the Draft Declaration to Smyth. Indeed, the Opposition does not directly address the discovery issue at hand - the voluntary disclosure of a document to a non-party - and the cases that it cites to support its position are off the mark and readily distinguishable.

I.  **The Voluntary Disclosure of a Document to a Third-Party Constitutes a Waiver of Any Work Product Privilege that Is Attached to that Document.**

This Court has held that, in general, "it is well-established that once a party asserting privilege makes disclosure of privileged information to third parties, the communications are no longer confidential." *Mitsui Sumitomo Ins. Co. v. Carbel, LLC,* 2011 WL 2682958, *4 (S.D. Fla. July 11, 2011), *citing United States v. Suarez*, 820 F.2d 1158, 1160 (11th Cir. 1987) (justification for privilege ceases once disclosed to third parties). *See also Stern v. O'Quinn,* 253 F.R.D. 663, 681-82 (S.D. Fla. 2009) (holding that "the circumstances surrounding the disclosure are key to determining whether an actual waiver of the work-product protection has occurred" but, "as long as the disclosure of the information was voluntary, a waiver will result"). The *Mitsui* Court explained that, "in the context of work product, the question is not, as in the case of attorney-

---

[1] Live Nation implies that Cohl Parties inappropriately filed the Motion. In fact, Cohl Parties followed the exact procedure for filing a document under seal, as prescribed by Local Rule 5.4(b), and brought the privilege dispute to the attention of the Court for resolution in keeping with Federal Rule 26(b)(5)(B).

2

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

client privilege, *whether* confidential communications were disclosed, but to *whom* the disclosure is made." *Mitsui* at *4. *Mitsui* lists one limited exception to the work-product waiver rule – the "common interest" exception, which Live Nation has not alleged applies, and is, in fact, inapplicable to Smyth's unaffiliated, third-party relationship with Live Nation. In describing common interest, *Mitsui* states that "under the 'common interest' exception to waiver, a party may share its work product with another party without waiving the right to assert the privilege when the parties have a shared interest in actual or potential litigation against a common adversary, and the nature of their common interest is legal, and not solely commercial." *Id.*

Smyth is not a party to this action. Even as a non-party, she does not share a common legal interest with Live Nation, as it implicitly concedes. Smyth is the representative of Mick Jagger, the lead singer of the Rolling Stones, whom neither Cohl Parties nor Live Nation have accused of wrongdoing or raised any claims against. Therefore, the common-interest exception to the waiver of work product does not apply and it should be concluded that any claim of work product as to the Draft Declaration sent to Smyth has been waived.

Live Nation's Opposition attacks Cohl Parties' reliance on *Stern* and attempts to discount *Stern's* holding that a voluntary disclosure to a third party constitutes waiver of the work product privilege. Even if this Court were to accept Live Nation's overly cramped interpretation of *Stern* as requiring that, in order for work product to be waived, the document must be disclosed to a third-party "in a manner which is either inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information," *Stern*, 253 F.R.D. at 681-82, this Court should still rule in favor of Cohl Parties. Live Nation e-mailed the Draft Declaration to Smyth. It did not show a hard copy of the

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

document to her for review and return, or even ask her to keep it confidential. *See* Exhibit "A" to Motion. It simply sent it to her and released any capacity to maintain secrecy. Therefore, even under Live Nation's reading of *Stern,* the voluntary disclosure of the Draft Declaration to a third-party such as Smyth via e-mail constitutes a wavier of work product.

The Draft Declaration that was sent to Smyth is substantively no different than any of the e-mail correspondence that Live Nation sent to Smyth, including that from its general counsel, and that has been turned over to Cohl Parties voluntarily by Live Nation without any claim of privilege[2] – including the e-mail that contained the Draft Declaration as an attachment. When a lawyer communicates with an unaffiliated third party and sends the third party documents, any privilege that might have pertained to those documents is waived. The authorities relied upon by Cohl Parties herein and in the Motion are in accord with this common-sense result.

## II. The Cases that Live Nation Cites Are Off-Base and Distinguishable.

None of the cases cited in Live Nation's Opposition support the rejection of the work product waiver analysis applied by this Court in *Mitsui* and *Stern*. Live Nation first cites the unreported Indiana case of *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.,* 2007 WL 2904073 (S.D. Ind. May 18, 2007), to support its argument. In *1100 West*, the Court held that when an attorney's investigator showed a statement to a witness, the work product privilege was not waived. *Id.* at *2, n. 2. However, in the case at bar, we are not dealing with showing a witness a statement. Instead, Live Nation voluntarily, and without restriction, e-mailed a document to an unaffiliated "potential declarant," *see* Opposition at 3, a substantially different situation. In fact, there is no evidence that Smyth made any "statement" regarding this case to

---

[2] Live Nation submitted a privilege log over 60 pages long, but it did not purport to claim privilege as to any communications that were had with third parties like Smyth.

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

Live Nation that was then memorialized in the Draft Declaration. Rather, in-house counsel for Live Nation prepared a draft declaration that he wished for her to sign, and then sent it to her as a "potential declarant." *1100 West* thus provides no basis to reject *Mitsui* and *Stern*.

In a string cite at pages 6 and 7 of the Opposition, Live Nation takes the erroneous position that draft declarations or affidavits are protected by the work product privilege in all situations, relying on decisions not involving waiver and the disclosure of documents to unaffiliated third parties. *1100 West* merely concludes that "documents created by Mr. Dunn (or any other agent of Plaintiff or its counsel) during the course of this litigation that reflect which potential witnesses Mr. Dunn has interviewed, the questions he chose to ask them, and his notes regarding their answers are classic work product; so too are the affidavits that Mr. Dunn drafted summarizing his understanding of the witnesses' statements." *Id.* at *2. Cohl Parties are not seeking the production of notes or drafts prepared by Live Nation for its own use. Rather, they seek a draft voluntarily sent to a third party, and thereafter not accepted by the third party. *1100 West* is inapposite.

Also unhelpful for Live Nation is *Institute for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals*, 272 F.R.D. 124 (S.D.N.Y. 2011), which concerns whether or not the service or filing of an affidavit waives the work product privilege attached to *prior* drafts of that affidavit. Nowhere in *Earth Awareness* is the disclosure of a draft affidavit to a third party discussed. Since Cohl Parties do not request production of earlier drafts that were not sent to Smyth, *Earth Awareness* has no pertinence.

Similar deficiencies afflict the other cases in the string cite. *In re New York Renu with Moistureloc Prod. Liab. Litig.*, 2009 WL 2842754 (D. S.C. July 6, 2009), applies New York state law, not federal common law, *id.* at *1, and moreover, simply holds that work product applies to

5

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

earlier drafts of a document even where a final draft is produced.  *Id.* at *12.  Again, because Cohl Parties do not request any earlier drafts not sent to Smyth, the case is inapplicable.  It is the final draft, the one that Live Nation chose to e-mail to Smyth, for which work product was waived.  Similarly, *Randelman v. Fidelity Nat'l Title Ins. Co.,* 251 F.R.D 281, 286 (N.D. Ohio), *Tutle v. Tyco Elecs. Installation Svcs., Inc.*, 2007 WL 4561530 at *2 (S.D. Ohio Dec. 21, 2007), *Kyoie Fire & Marine Ins. Co. Ltd.  v. M/V Maritime Antalya,* 248 F.R.D. 126, 155 (S.D.N.Y 2007), and *Ideal Elec. Co. v. Flowserve Corp.,* 230 F.R.D. 603, 608-09 (D. Nev. 2005),  also deal with whether draft affidavits prepared with the assistance of counsel are discoverable after the final affidavits have been disclosed to the adversary.  Cohl Parties do not request the production of Live Nation's internal documents, nor earlier versions of the document ultimately provided to a third party.  It is the Draft Declaration that was e-mailed to Smyth that is the subject of the Motion, and Live Nation's authorities offer no support for concluding that the e-mailing of that document to a third party did not constitute a waiver of work product protection.

## **CONCLUSION**

WHEREFORE, Cohl Parties respectfully request that the Court rule that Live Nation inappropriately designated the Draft Declaration as work product, and allow Cohl Parties to retain copies of the Draft Declaration, and grant such other and further relief as the Court deems just and proper.

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

Respectfully submitted,

Robert K. Burlington, Florida Bar No. 261882
rburlington@coffeyburlington.com
Daniel F. Blonsky, Florida Bar No. 972169
dblonsky@coffeyburlington.com
Fernando Tamayo, Florida Bar No. 28530
ftamayo@coffeyburlington.com
COFFEY BURLINGTON
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, Florida 33133
Tel: 305-858-2900
Fax: 305-858-5261
*Counsel for Cohl and S2BN*

By: s/Daniel F. Blonsky

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Mailing Information for CASE NO. 10-CIV-24144-CMA. Counsel of record currently identified on the Mailing Information list to receive e-mail notices for this case are served via Notices of Electronic Filing generated by CM/ECF. Counsel of record who are not on the Mailing Information list to receive e-mail notices for this case have been served via U.S. Mail.

*s/*Daniel F. Blonsky

7

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com